UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| YAQIN ABDALLAH AMADU UMOJA a/k/a MICHAEL WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) | |
| VS. | ) ) | No. 16-1248-JDT-cgc |
| CORRECTIONS CORPORATION OF AMERICA, ET AL., | ) ) ) ) | |
| Defendants. | ) | |

ORDER TO MODIFY THE DOCKET,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Yaqin Abdallah Amadu Umoja a/k/a Michael Williams, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) At the time, Umoja was incarcerated at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee.[1] Umoja alleges he received inadequate medical treatment, in violation of his constitutional rights, during his incarceration at the HCCF. (*Id.* at PageID 2, 6-9.) The Court granted Umoja's motion to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF

---

[1] On July 5, 2019, Umoja notified the Court he had been released from prison and provided his new address. (ECF No. 41.)

No. 4.) Thereafter, the Court partially dismissed the complaint and directed that process be issued for the remaining Defendants, Dr. Bernhard Dietz, a physician at the HCCF; HCCF Health Administrator John Borden; and HCCF Nurse Jill Shearon.[2] (ECF No. 12.) Before the Court is Defendant's motion for summary judgment. (ECF No. 37.) Although he received two extensions of time in which to file a response to Defendants' motion, Umoja has failed to do so.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'– that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[3] or

---

[2] Umoja did not provide these Defendants' first names in the complaint, but the names are provided in subsequent documents filed on the Defendants' behalf. (*E.g.*, ECF Nos. 19 & 32.) The Clerk shall MODIFY the docket to reflect the Defendants' first names.

[3] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

2

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or

(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

In *Celotex Corp.*, the Supreme Court explained that Rule 56:

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. However, where the party moving for summary judgment also has the burden of persuasion at trial, the initial burden on summary judgment is higher. Under those circumstances, the moving party must show "that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable

jury would be free to disbelieve it." *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012) (internal quotation marks omitted).

In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (same). However, the Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

The fact that Umoja has not responded does not, by itself, require granting the motion for summary judgment. Nevertheless, if the Defendants are entitled to judgment as a matter of law on the evidence contained in the record, then summary judgment is appropriate. *Smith v. Hudson*, 600 F.2d 60, 65 (6th Cir. 1979).

In support of the motion for summary judgment, Defendants have submitted their Declarations, (Dietz Decl., ECF No. 37-2; Borden Decl., ECF No. 37-3; Shearon Decl., ECF No. 37-4), and the Declaration of Rebecca Wilson, the chairperson of the HCCF Grievance Committee, (Wilson Decl., ECF No. 37-5).

Umoja contends the Defendants failed to provide adequate treatment for his serious medical conditions. Following Umoja's transfer to the HCCF, Defendant Dietz performed an initial medical evaluation on May 25, 2016. At that time, Dietz did not renew the

prescription medication for arthritis Umoja previously had been taking, allegedly causing Umoja to suffer severe pain for the next two months. On July 8, 2016, Umoja also ran out of his other prescription medications, for high blood pressure and acid reflux, but was told they had been ordered. Umoja states his wife had to intervene with both Defendants Borden and Dietz to ensure he would receive the needed medications. He finally received all of his medications, including the arthritis medication, on or about July 29, 2016.

Umoja further alleges he saw Defendant Shearon on August 3, 2016, complaining he had been bitten on the neck by a spider or insect. He states Shearon told him his name was not on the HCCF roster. When he retorted that he had "an I.D. and am housed in this prison," Shearon allegedly told him to shut his mouth and refused to treat him. Umoja claims he filed a grievance to try to get help for the bite, which he contends was getting worse. Umoja states his wife again had to intervene before he was given treatment for the bite on or about August 17, 2016.

Defendants contend they are entitled to judgment as a matter of law because Umoja did not exhaust his administrative remedies with regard to any of his claims.

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *See Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is

5

a prerequisite to suit."). However, a prisoner is not required to demonstrate exhaustion in his complaint. *Jones*, 549 U.S. at 216. Failure to exhaust is an affirmative defense on which the defendant has the burden of proof. *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011); *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011).

Section 1997e(a) requires not merely exhaustion of the available administrative remedies, but *proper exhaustion* of those remedies, meaning that a prisoner must comply with the institution's "critical procedural rules," such as time limits for filing grievances. *Woodford v. Ngo*, 548 U.S. 81 (2006).

> The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules. A prisoner who does not want to participate in the prison grievance system will have little incentive to comply with the system's procedural rules unless noncompliance carries a sanction .
> . . .

*Id.* at 95. *See also Jones*, 549 U.S. at 218. The Sixth Circuit requires prisoners "to make 'affirmative efforts to comply with the administrative procedures,' and analyzes whether those 'efforts to exhaust were sufficient under the circumstances.'" *Risher*, 639 F.3d at 240 (quoting *Napier*, 636 F.3d at 224). "[I]f the plaintiff contends he was prevented from exhausting his remedies . . . the defendant [must] present evidence showing that the plaintiff's ability to exhaust was not hindered." *Surles*, 678 F.3d at 458 n.10.

The HCCF Grievance Committee Chairperson, Rebecca Wilson, avers in her Declaration that HCCF keeps records of all properly filed inmate grievances and that records of those grievances also are kept in the Tennessee Department of Correction's computerized database, the Tennessee Offender Management Information System

6

(TOMIS). (Wilson Decl. ¶ 10, ECF No. 37-5 at PageID 343.) Wilson's review of TOMIS showed nine grievances filed by Umoja at the HCCF during 2016,[4] but none of those grievances were against Defendant Dietz or Defendant Borden. (*Id.* ¶ 11.)

Wilson further avers in her Declaration that Umoja filed two grievances at HCCF complaining about Defendant Shearon. (*Id.* ¶ 13, at PageID 344.) On July 17, 2016, he signed grievance number 29196/304372, in which he claimed Shearon gave him the wrong medication at pill call and was uncooperative and unprofessional when he questioned her about the mistake. (*Id.* ¶ 14, at PageID 344; *see also id.* at PageID 393-94.) After receiving a response from Defendant Borden stating he would investigate the incident, Umoja did not appeal the grievance to the Warden. (*Id.* ¶ 14, at PageID 344; *see also id.* at PageID 395.)

Umoja signed a second grievance against Defendant Shearon on August 10, 2016, number 293501/306275, again complaining that she attempted to give him the wrong medication at pill call. (*Id.* ¶ 15, at PageID 344; *see also id.* at PageID 378-79.) On September 15, 2016, Borden responded that Shearon was no longer employed at the HCCF and that if Umoja experienced any similar incident in the future it would be investigated. (*Id.* at PageID 380.) Umoja again chose not to appeal to the Warden. (*Id.* ¶ 15, at PageID 344.)

Umoja did sign a grievance on August 3, 2016, number 294861/306888, concerning the alleged spider or insect bite. (*Id.* ¶¶ 16-17, at PageID 344-45; *see also id.* at PageID

---

[4] Umoja was transferred to another prison in November 2016. (ECF No. 5.)

373-74.)  However, he complained in that grievance only about the actions of Nurse T. Brown, not about Defendant Shearon.  Umoja stated he had turned in two sick call requests seeking medical care for the spider or insect bite but Nurse Brown responded that he was required to include his "proper name" on the request forms.[5]  (*Id.* at PageID 373-74.) Defendant Borden responded to the grievance, (*id.* at PageID 375; *see also* Borden Decl. ¶¶ 16-18, ECF No. 37-3 at PageID 330-31), and Umoja appealed through all the levels of review.  (Wilson Decl. ¶ 17, ECF No. 37-5 at PageID 345; *see also id.* at PageID 371-73.)

Umoja has failed to offer evidence that he filed any relevant grievances concerning the claims asserted in this action against Defendants Dietz, Borden and Shearon or that he was hindered in his attempts to do so.  The Court finds the undisputed evidence in the record regarding Umoja's failure to exhaust is such that a reasonable jury would not be free to disbelieve it.  *See Surles*, 678 F.3d at 455-56.

All of Umoja's claims are barred by failure to exhaust his available administrative remedies.  The Defendants therefore are entitled to judgment as a matter of law, and the motion for summary judgment is GRANTED.

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Umoja would not be taken in good faith. Leave to appeal *in forma pauperis* is DENIED.  If Umoja files a notice of appeal, he must

---

[5] The reference to Umoja's "proper name" apparently means he was required to also include on the form the name under which he was convicted, Michael Williams.

also pay the full $505 appellate filing fee or file a motion for leave to appeal *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE